JUDE G. GRAVOIS, Judge.
[ sPlaintiff/appellant, Adrienne Geiling Wood, appeals the trial court’s November 19, 2013 judgment granting defendant/ap-pellee, Glen D. Wood’s exceptions of no cause of action and vagueness and motion for summary judgment, and the trial court’s February 6, 2014 .judgment denying ' in part plaintiffs motion for a new trial. For the following reasons, we reverse the trial court’s judgments and remand the matter for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

Plaintiff/appellant, Adrienne Geiling Wood, and defendant/appellee, Glen D. Wood, were married on September 10, 1983. In February 1998, the parties organized “Woody’s Collision Specialist, LLC” (“Woody’s Collision”), an automobile collision repair business that was operated by Mr. Wood.
On May 3, 2006, Ms. Wood filed a suit for a divorce against Mr. Wood. In her divorce petition, Ms. Wood requested, among other things, that Mr. Wood be granted the exclusive right to maintain and operate Woody’s Collision, pending a ^community property partition between the parties. The parties were divorced on January 5, 2007.
On February 21, 2008, Mr. Wood and Ms. Wood consented to a judgment of partial partition of their community property. Pursuant to the partial partition, Mr. Wood received the immovable property (lot and improvements) which housed *184 Woody’s Collision located at No. 17 27th Street, Kenner, Louisiana. However, Woody’s Collision (the entity) was not partitioned as part of the partial partition. On November 30, 2011, Mr. Wood filed a motion to 1) set a partial partition of Woody’s Collision for trial, 2) dissolve Woody’s Collision, and 3) evict Woody’s Collision from his now separately owned property. To date, it does not appear from the record that the parties have partitioned Woody’s Collision.
On August 19, 2013, Ms. Wood filed a petition for damages against Mr. Wood, alleging entitlement to damages caused by Mr. Wood’s mismanagement and/or other tortious conduct involving Woody’s Collision. In her petition, Ms. Wood asserted a claim against Mr. Wood for “neglect, mismanagement, nonfeasance, breach of fiduciary duty and any other cause of action expressly authorized by Louisiana Civil Code Art. 2369.3 or any other provisions of law.” ■ Ms. Wood also claimed that Mr. Wood faded to preserve and prudently manage Woody’s Collision by “intentionally siphoning off and diverting LLC funds for his own personal benefit, by generally mismanaging the operations and administration of the business, and by ultimately allowing the business to become defunct.” Among the over 30 allegations set forth in her petition, Ms. Wood claims that Mr. Wood evicted Woody’s Collision from the building it had leased for years and installed a new, separately owned business, Woody’s, LLC, which performed the same, services as Woody’s Collision.
|40n September 9, 2013, in response to Ms. Wood’s petition, Mr. Wood filed exceptions of prescription,[1] no cause of action, and vagueness, and a motion for summary judgment. Mr. Wood asserted that Ms. Wood’s petition was vague and ambiguous, contained conclusions of law and fact, and contained no material facts upon which the ultimate conclusions were based. Additionally, Mr. Wood’s motion for summary judgment claimed that the law did not extend Ms. Wood a remedy under La. C.C. art. 2369.3.
The exceptions and the motion for summary judgment came up for a hearing before the Domestic Commissioner on October 9, 2013. The Domestic Commissioner proceeded to overrule the exceptions of no cause of action and vagueness and to deny the motion for summary judgment.
On October 11, 2013, Mr. Wood filed an objection to the Domestic Commissioner’s interim judgment, praying that it be reversed. The parties went before the trial court regarding the objection to the Domestic Commissioner’s interim judgment on November 14, 2013. In the trial court’s written reasons for judgment filed on November 19, 2013, the court found that La. C.C. art. 2369.3 was inapplicable in this matter for the following two reasons:
... First, despite the assertions of Plaintiffs counsel in his memorandum, the Code article only applies to a spouse — not a former spouse. The Petition for Divorce in this case was filed in May of 2006. The Judgment of Divorce was entered in January of 2007. Mr. Wood has not been Ms. Wood’s spouse for almost 7 years.
Second, Article 2369.3 imposes a duty upon a spouse to preserve and manage former community property under his control. The ownership of the business *185 was not included in the 2008 partial partition. As a result, it is still part of their community.
[ fi(Emphasis in original.) The court then ordered that the objection to the Domestic Commissioner’s interim judgment be granted with instructions that the issue be reevaluated by the Domestic Commissioner.
Subsequently, on November 27, 2013, Ms. Wood filed a motion for a new trial, arguing therein that the trial court’s judgment was vague, ambiguous, and susceptible to various interpretations, and also incorrectly interpreted and applied La. C.C. art. 2369.3.
On January 15, 2014, the parties went before the trial court for a hearing on the motion for a new trial. In its February 6, 2014 judgment, the trial court granted the motion for a new trial in part, removing the portion of the court’s November 19, 2013 judgment referring the matter back to the Domestic Commissioner for re-evaluation. The court then clarified that the November 19, 2013 judgment reversed the Domestic Commissioner’s interim ruling and granted the exceptions of no cause of action and vagueness and the motion for summary judgment. In all other respects, the motion for a new trial was denied.
On March 14, 2014, Ms. Wood sought and was granted a devolutive appeal from the trial court’s November 19, 2013 and February 6, 2014 judgments.

ASSIGNMENT OF ERROR NO. ONE

Exception of no cause of action

In her first assignment of error, Ms. Wood argues that the trial court erred in granting Mr. Wood’s exception of no cause of action.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, and that is done by determining whether the law affords a remedy on the facts alleged in the pleading. Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 646, citing Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. The exception is triable on the face of lathe pleadings, and, for purposes of resolving the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. Scheffler, 950 So.2d at 646; City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 253. According to La. C.C.P. art. 931, no evidence may be introduced to support or controvert an exception of no cause of action.
Louisiana uses a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. Scheffler, 950 So.2d at 646-647. The mover has the burden of demonstrating that the petition states no cause of action. Id. Appellate review of the trial court’s ruling on an exception of no cause of action is de novo because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Id. The pertinent question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states a valid cause of action for relief. Id.
In granting the exception of no cause of action, the trial court found that La. C.C. art. 2369.3 was not applicable under the facts alleged in Ms. Wood’s petition for two reasons: the article only applies to spouses, not former spouses, and the article only imposes a duty to preserve and manage former community property, not property that has yet to be partitioned.
La. C.C. art. 2369.3 provides:
*186 A spouse has a duty to preserve and to manage prudently former community property under his control, including a former community enterprise, in a manner consistent with the mode of use of that property immediately prior to termination of the community regime. He is answerable for any damage caused by his fault, default, or neglect.
A community enterprise is a business that is not a legal entity.
|7(Emphasis added.) This article, as well as the other articles in this Section of the Civil Code entitled “Termination of the Community”, references “spouses” instead of “former spouses” for simplicity’s sake. Comment (d) to La. C.C. art. 2369.1 states the following:
(d) The term “spouse” is used in this Article and the other articles of this Section of the Civil Code for the sake of simplicity of expression. In fact, co-owners of former community property are sometimes still spouses, for example, when a separation of property is decreed at the request of a spouse under Civil Code Article 2374 (rev. 1979), but are more often former spouses who must hold former community property in co-ownership during the period of months or years that often ensues between the entry of a judgment of divorce and the judicial or extrajudicial partition of that former community property. Whichever is the situation in a given case, these Articles apply to spouse or former spouse co-owners of former community property until that property is partitioned.
(Emphasis added.) It is thus clear that even though La. C.C. art. 2369.3 refers to “spouses”, it was intended to also apply to former spouses and is thus applicable herein.
Additionally, although Woody’s Collision has yet. to be partitioned, it is still considered “former community property.” La. C.C. art. 2356, which begins the Section of the code entitled “Termination of the Community”, states:
The legal regime of community property is terminated by the death or judgment of declaration of death of a spouse, declaration of the nullity of the marriage, judgment of divorce or separation of property, or matrimonial agreement that terminates the community.
Ms. Wood filed for divorce on May 3, 2006, and the judgment of divorce was rendered on January 5, 2007. Thus, the legal regime of community property has been terminated.
Further, La. C.C. art. 2369.1 provides:
After termination of the community property regime, the provisions governing co-ownership apply to former community property, unless otherwise provided by law or by juridical act.
IsWhen the community property regime terminates for a cause other than death or judgment of declaration of death of a spouse, the following Articles also apply to former community property until a partition, or the death or judgment of declaration of death of a spouse.
(Emphasis added.) La. C.C. art. 2369.1 is obviously referencing La. C.C. art. 2369.3 in noting that community property becomes “former community property” after termination of the regime, but before it is partitioned. Additionally, this Court and others have consistently applied La. C.C. art. 2369.3 to “former spouses” and to community property that became former community property after termination of the community property regime but prior to a partition. See Becnel v. Becnel, 10-1011 (La.App. 5 Cir. 05/24/11), 70 So.3d 20, 24; Granger v. Granger, 06-1615 (La.App. *187 3 Cir. 09/26/07), 967 So.2d 540, writ denied, 07-2436 (La.02/15/08), 976 So.2d 181.
Notwithstanding the trial court’s reasoning, Mr. Wood still argues on appeal that Ms. Wood’s petition contains conclusions of law and fact, and contains no material facts upon which the ultimate conclusions contained therein are based. A review of Ms. Wood’s petition reveals facts sufficient to establish an alleged breach of Mr. Wood’s fiduciary duty to preserve his former community property. Ms. Wood presented over 30 different allegations highlighting Mr. Wood’s alleged mismanagement of Woody’s Collision. Her petition divides her allegations into three categories: “[Mr. Wood’s] Siphoning Off and/or Diversion of LLC Funds”; “[Mr. Wood’s] Mismanagement of Woody’s Collision”; and “[Mr. Wood’s] Conversion and Misappropriation of Woody’s Collision Business and Business Opportunities.” Within each category, Ms. Wood has sufficiently specified instances in which Mr. Wood allegedly failed to properly “preserve and to manage prudently” Woody’s Collision.
| ^Applying the legal precepts noted above, upon de novo review, we find that Ms. Wood has properly alleged facts sufficient to state a cause of action for mismanagement pursuant to La. C.C. art. 2369.3. Thus, we reverse the trial court’s judgment granting Mr. Wood’s exception of no cause of action.

ASSIGNMENT OF ERROR NO. TWO

Exception of vagueness

In her second assignment of error, Ms. Wood argues the trial court erred in granting Mr. Wood’s exception of vagueness.
La. C.C.P. art. 891 requires that a petition “contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.” One purpose of an exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action and prevent its future litigation after a judgment is obtained in the present suit. Bustamante v. Vezina, 95-556 (La.App. 5 Cir. 01/30/96), 668 So.2d 1286, 1291; Smart v. Gold, Weems, Bruser, Sues & Rundell, 06-1414 (La.App. 3 Cir. 04/04/07), 955 So.2d 263, 267, writ denied, 07-0854 (La.06/22/07), 959 So.2d 497. With an objection to vagueness, a defendant is not entitled to demand exactitude and detail of pleading beyond what is necessary to fulfill the above stated purposes. Springer v. Nannie O’Neal Apts., 13-570 (La.App. 3 Cir. 11/13/13), 125 So.3d 606, 608. “A plaintiffs petition is sufficient as long as it fairly informs the defendant of the general nature of the cause of action and alleges facts sufficient to allow the defendant to prepare a defense.” Id. Because the trial court’s judgment on an exception of vagueness is based on a factual determination, the appellate court reviews the trial court’s judgment under the manifest error standard of review. Id. at 607-08.
[ 10On appeal, Mr. Wood argues that Ms. Wood’s petition is vague and ambiguous, claiming that “there is no who, what, where, or when, leaving nothing but conclusions that [he] cannot defend himself against without more.” He also argues that her petition includes several open-ended claims that need to be stricken from the pleadings.
Upon review, we find that sufficient facts are present in Ms. Wood’s petition to inform Mr. Wood of the general nature of the cause of action and allow him to prepare a defense. The petition alleges that Mr. Wood siphoned off and/or diverted *188 Woody’s Collision funds. In support of this allegation, Ms. Wood provides numerous specific instances of this action, including that:
• Mr. Wood unilaterally increased his salary by 250% after the community terminated;
• he unilaterally withdrew at least $97,000 from Woody’s Collision account; and
• he improperly recorded the withdrawals on the company books as expenses, and deposited the funds into bank accounts in the name of Woody’s Property Management, LLC, a limited liability company of which he is purportedly the sole member.
Ms. Wood’s petition also alleges that Mr. Wood mismanaged Woody’s Collision. In support of this allegation, Ms. Wood includes, among many others, the claims that:
• Mr. Wood failed to distribute profits of the LLC to the members in accordance with their ownership interests; and
• he unilaterally reduced Ms. Wood’s membership interest in Woody’s Collision from fifty percent to zero percent and issued an ownership interest to his son.
Finally, Ms. Wood alleges that Mr. Wood converted and misappropriated Woody’s Collision business and business opportunities. In support, her petition includes allegations that:
In* Mr. Wood formed or participated in the formation and operation of a new entity, Woody’s LLC, for the sole purpose of operating a collision repair business performing the same services as Woody’s Collision;
• he transferred Woody’s Collision employees, customers and equipment to the new business; and
• he utilized the same telephone number for the new business which was previously assigned to Woody’s Collision.
Upon review, for the foregoing reasons, we find that the trial court manifestly erred in granting Mr. Wood’s exception of vagueness. Thus, we reverse the trial court’s judgment granting Mr. Wood’s exception of vagueness.

ASSIGNMENT OF ERROR NO. THREE

Motion for summary judgment

In her third and final assignment of error, Ms. Wood argues that the trial court erred in granting Mr. Wood’s motion for summary judgment.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Zeringue v. O’Brien Transp., Inc., 05-760 (La.App. 5 Cir. 4/11/06), 931 So.2d 377, 379, unit denied, 06-1107 (La.9/1/06), 936 So.2d 205. Summary judgments are favored in the law, and the rules should be liberally applied. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Id.
Appellate courts review a judgment granting a motion for summary judgment on a de novo basis. Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 511. Thus, this Court uses the same criteria as the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Id.
11i?Procedurally, the court’s first task on a motion for summary judgment is determining whether the moving party’s supporting documents — pleadings, deposi *189 tions, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues, Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045, 1047 (citing La. C.C.P. art. 966(B)). To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. Id. In making this determination, the mover’s supporting documents must be closely scrutinized and the non-mover’s indulgently treated. Id. Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party. Id. If the court determines that the moving party has met this onerous burden, the burden then shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Id.
La. C.C.P. art. 967(B) outlines the non-moving party’s burden of production as follows:
When a motion for summary judgment is made and supported ..., an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Murphy, supra, at 1047.
In the present case, the trial court granted the motion for summary judgment for the same reasons it granted the exceptions: it found that La. G.C. art. 2369.3 | iswas not applicable herein. As we have concluded above, La. C.C. art. 2369.3 is indeed applicable to this action.
Ms. Wood’s petition and Mr. Wood’s subsequent motion for summary judgment are based on La. C.C. art. 2369.3, and its requirement that former spouses have a duty to preserve and maintain former community property. In considering the purpose of this article, Comment (a) to La. C.C. art. 2369.3 states, in pertinent part:
* ⅝ *
This Article also imposes a higher standard of care in managing and maintaining such formpr community property than the standard imposed during the marriage for managing community property. See C.C. Art. 2354 (rev. 1979). The reason for imposing a higher standard of care in managing former community property is that, after termination of the community property regime, the law no longer assumes that a spouse who has former community property under his control will act in the best interest of both spouses in managing it.
[[Image here]]
In Mr. Wood’s motion for summary judgment and on appeal, he argues that he no longer had a duty to preserve the community property pursuant to La. C.C. art. 2369.3, as it could no longer be preserved “in a manner consistent with the mode of use of that property immediately prior to termination of the community regime.”
Mr. Wood also alleges on appeal that, upon termination of the community property regime, Ms. Wood “proceeded on a path to destroy [Woody’s Collision] through accusing her ex-husband of fraud, *190 reporting him to insurance companies, closing vendor accounts, straining relationships with its financial institutions, etc.” He asserts that this resulted in Woody’s Collision no longer being able to be operated in a manner consistent with its mode of use prior to termination.
Mr. Wood further argues that as a result of the partial partition of February 21, 2008, the building that housed Woody’s Collision became his separate |Mproperty. Much of the equipment contained in the building and utilized by Woody’s Collision also became his separate property, as it was a component part of the building in. accordance with La. C.C. art. 466. As a result, Woody’s Collision possessed little assets, and again he could no longer preserve the business in a manner consistent with the mode of use of the property immediately prior to termination of the regime, as La. C.C. art. 2369.3 requires. He, therefore, argues that he had no' duty to preserve the former community property.
In response to the motion for summary judgment, Ms. Wood argued that Mr. Wood breached his fiduciary duty under La. C.C. art. 2369.3, both prior to the partial partition and afterwards. Following the partial partition, Mr. Wood continued to operate the business from the same building (which was now his separate property) up until the time he began his new business. Ms. Wood pointed out that after Mr. Wood became sole owner of the building, he raised the rent while also reducing the space leased by the business and renting the remaining space to other tenants.
Mr. Wood filed his motion for summary judgment in the same pleading in which he filed his exceptions. This was prior to filing an answer. He attached no supporting affidavits to his motion for summary judgment. The only exhibit he attached to his motion for summary judgment was a copy of the partial partition of community property.
Ms. Wood provided an affidavit in opposition to the motion for summary judgment, detailing numerous facts at issue surrounding the claim of mismanagement, both prior to and after the partial partition of community property. In her affidavit, Ms. Wood again details instances in which Mr. Wood siphoned off funds belonging to Woody’s Collision, mismanaged the company, and converted business and business opportunities of Woody’s Collision to his new 11fibusiness. She further asserts that from the time of the divorce until he began his new business, Mr. Wood continued to operate Woody’s Collision in its former mode of use.
• La; C.C. art. 2369.3 clearly establishes a duty for former spouses to preserve former community property until that property is partitioned. We find no merit to Mr. Wood’s argument that, pursuant to La. C.C. art. 2369.3, any partition of any former community property relieves the former spouse of all preservation duties.
Notwithstanding the trial court’s reasoning,[2] upon de novo review, we find that genuine issues of material fact exist as to whether Mr. Wood could manage Woody’s Collision in a manner consistent with the mode of use of the property immediately *191 prior to the termination of the community regime. The trial court thus erred in granting Mr. Wood’s motion for summary judgment. We therefore reverse the trial court’s judgment granting summary judgment in favor of Mr. Wood and remand the matter for further proceedings consistent with this opinion.

CONCLUSION

For the foregoing reasons, the trial court’s judgments on the exceptions of no cause of action and vagueness and the trial court’s judgments on the motion for summary judgment are reversed. This matter is remanded to the trial court for further proceedings consistent -with this opinion. Costs of this appeal are assessed to Mr. Wood.

REVERSED AND REMANDED

. At the hearing before the Domestic Commissioner on October 9, 2013, the exception of prescription was denied, in Mr. Wood’s memorandum in support of the objection to the Domestic Commissioner's interim judgment, he does not address the denial of his exception of prescription. The exception of prescription is accordingly not before this Court in this appeal.

. This Court has held that reasons for judgment by a trial judge are not controlling and do not constitute the judgment of the court. According to La. C.C.P. art. 1918, a judgment and reasons for judgment are two separate and distinct documents. Appeals are taken from the judgment, not the written reasons for judgment. Reasons for judgment set forth the basis for the court’s holding and are not binding. Dep’t of Soc. Servs. ex rel. P. B., 12-838 (La.App. 5 Cir. 04/24/13), 114 So.3d 1161, 1165 n. 4, writ denied, 114 So.3d 1161 (La.App. 5 Cir.2013) (citations omitted).