WINDHORST, J.
*437 Appellant, Dr. Scott Furm Mofford Duncan, appeals the trial court's March 19, 2018 amended judgment which granted appellee's, Laura Meine Duncan's, exceptions of no cause of action and res judicata , and dismissed appellant's Motion to Reduce Child Support and First Supplemental and Amended Motion to Reduce Child Support with prejudice. For the reasons stated herein, that portion of the March 19, 2018 amended judgment granting Ms. Duncan's exception of res judicata and dismissing Dr. Duncan's Motion to Reduce Child Support and his First Supplemental and Amended Motion to Reduce Child Support is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Procedural History and Facts
The parties were married on June 11, 1994. Three children were born of the marriage: MacKenzie Duncan, born October 14, 1998; Parker Duncan, born July 18, 2000; and Connor Duncan, born June 22, 2003. On March 10, 2014, Ms. Duncan file a petition for divorce and incidental matters, including a request for child support.
On June 6, 2014, the parties entered into a consent judgment concerning custody and child support. The parties agreed to joint custody of the three minor children, with Ms. Duncan designated as the domiciliary parent and reasonable visitation with Dr. Duncan. The consent judgment further provided that:
Scott Furm Mofford Duncan shall pay child support in the amount of $13,000.00 per month, effective March 10, 2014, to be paid in $6,500.00 installments on the 15th and 30th of each month beginning June 15, 2014. The parties agree to opt out of child support being paid through DCFS.
The Court finds in accordance with Stogner v. Stogner, 739 So.2d 762 (La. 1999), that this consent judgment is a deviation from the Child Support Guidelines, and further constitutes a conventional obligation that promotes the children's continued support and upbringing pursuant to the mandate of the Louisiana Supreme Court in Dubroc v. Dubroc, 388 So.2d 377 (La. 1980). The Court has considered the guidelines to review the adequacy of the agreed upon amount, and further finds that said support agreement is in the best interest of the minor children.
On June 22, 2017, Dr. Duncan filed a Motion to Reduce Child Support contending that "the parties' oldest daughter, MacKenzie Duncan, born on October 14, 2000 [sic]," reached the age of majority and graduated from high school. He asserted that this was a material change in circumstance warranting a reduction in his child support obligation. In response, Ms. Duncan filed exceptions of res judicata , no cause of action, vagueness, and ambiguity. In her exception of res judicata , Ms. Duncan alleged that the June 6, 2014 consent judgment, which set an in globo child support *438 amount, could not be reduced because the consent judgment previously adjudicated the effect of their oldest child reaching the age of majority and provided that the in globo amount of child support would remain in effect until the youngest child attained the age of majority. Ms. Duncan's exception of no cause of action alleged that a child reaching the age of majority does not by itself constitute a material change in circumstance warranting a reduction of an in globo child support award. Dr. Duncan filed an opposition to Ms. Duncan's exceptions. On September 12, 2017, the Domestic Commissioner overruled Ms. Duncan's exception of res judicata and sustained Ms. Duncan's exception of no cause of action, giving Dr. Duncan fifteen days to amend his Motion to Reduce Child Support. On September 13, 2017, Dr. Duncan filed a First Supplemental and Amended Motion to Reduce Child Support.
On September 14, 2017, Ms. Duncan filed an objection to the Domestic Commissioner's judgment overruling her exception of res judicata . On September 18, 2017, Dr. Duncan filed an objection to the Domestic Commissioner's judgment sustaining Ms. Duncan's exception of no cause of action as to his original Motion to Reduce Child Support.
On December 5, 2017, the trial court heard both parties' objections. The parties agreed that they were only addressing Dr. Duncan's original Motion to Reduce Child Support, not his First Supplemental and Amending Motion to Reduce Child Support. At the conclusion of the hearing, the trial court sustained the exception of no cause of action and took the exception of res judicata under advisement.
On December 18, 2017, the trial court rendered judgment sustaining Ms. Duncan's exception of res judicata . On December 20, 2017, the trial court rendered another judgment granting Ms. Duncan's exceptions of no cause of action and res judicata . The trial court issued written reasons the same day. On January 4, 2018, Dr. Duncan filed a motion for devolutive appeal. On March 16, 2018, this Court ordered the trial court to amend both December judgments to include appropriate decretal language, i.e. , the dismissal of Dr. Duncan's Motion to Reduce Child Support. On March 19, 2018, the trial court rendered an amended judgment granting Ms. Duncan's exceptions of no cause of action and res judicata, and dismissing Dr. Duncan's Motion to Reduce Child Support and his First Supplemental and Amended Motion to Reduce Child Support.
Discussion
In his first assignment of error, Dr. Duncan contends that the trial court erred in granting Ms. Duncan's exception of res judicata . He asserts that child support awards are an exception to (i.e ., are excluded from) res judicata , citing La. R.S. 13:4232, and as such, child support awards are never final and res judicata is inapplicable. Ms. Duncan contends that the 2014 consent judgment awarding an in globo child support award is a conventional obligation that is final and subject to res judicata . In his third assignment of error, Dr. Duncan also contends that the trial court improperly dismissed his First Supplemental and Amended Motion to Reduce Child Support in the March 19, 2018 amended judgment because it was not before the trial court. Dr. Duncan contends that Ms. Duncan did not file an exception or responsive pleading to his First Supplemental and Amended Motion to Reduce Child Support. Additionally, according to the October 6, 2017 minute entry, the First Supplemental and Amended Motion to Reduce Child Support was continued without date. Therefore, Dr. Duncan argues that it was improper for the trial court to dismiss his *439 First Supplemental and Amended Motion to Reduce Child Support.
Appellate courts review an exception of res judicata using the de novo standard of review. Woodlands Dev. L.L.C. v. Regions Bank, 16-324 (La. App. 5 Cir. 12/21/16), 209 So.3d 335, 340 ; Reed v. Cowboy's W. Store & Trailer Sales, Inc., 16-462 (La. App. 3 Cir. 3/1/17), 214 So.3d 987, 997, writ denied, 17-0559 (La. 5/19/17), 219 So.3d 1108. The doctrine of res judicata is stricti juris , and any doubt concerning application of the principle of res judicata must be resolved against its application. Bourgeois v. A.P. Green Indus., 09-753 (La. App. 5 Cir. 3/23/10), 39 So.3d 654, 657.
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Therefore, a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385 (La. 2/25/03), 843 So.2d 1049, 1053.
R.S. 13:4232 sets forth exceptions to the general rules of res judicata . It provides that in actions for matters incidental to divorce, the judgment has the effect of res judicata only as to causes of action actually adjudicated. R.S. 13:4232 B. Child support is a matter incidental to divorce. La. C.C. art. 105. Because child support is a matter incidental to divorce, when a party raises new allegations pertaining to changes in circumstances affecting a child's best interest, the limitation to the general res judicata rules set forth in La. R.S. 13:4232 B applies. Richardson v. Richardson, 02-2415 (La. App. 1 Cir. 7/9/03), 859 So.2d 81, 85 ; See also, La. C.C. art. 142[1] ; La. R.S. 9:311.[2] Child support awards are never final and are always subject to modification.
*440 Duhe v. O'Donnell, 15-683 (La. App. 5 Cir. 5/26/16), 193 So.3d 455, 458-459, citing Granger v. Granger, 11-77 (La. App. 3 Cir. 6/15/11), 69 So.3d 666. Regardless of language in a consent agreement to the contrary, child support judgments are always reviewable and subject to modification where a material change in circumstances has been shown. Toups v. Kauffman, 16-248 (La. App. 4 Cir. 11/23/16), 204 So.3d 1044, 1049.
The 2014 consent judgment's language does not specifically preclude Dr. Duncan from requesting a reduction of child support based upon his oldest child reaching the age of majority and graduating high school. Dr. Duncan's new allegations might warrant a reduction of child support under La. C.C. art. 142 or La. R.S. 9:311 and therefore, fall within the exception to (i.e ., are excluded from) res judicata . Because an award of child support is always subject to modification based on a material change in circumstances, regardless of any language in a consent judgment to the contrary, upon de novo review, we find the trial court erred in granting Ms. Duncan's exception of res judicata . Accordingly, the trial court's judgment granting Ms. Duncan's exception of res judicata and its dismissal of Dr. Duncan's Motion to Reduce Child Support and First Supplemental and Amended Motion to Reduce Child Support is reversed, and the matter is remanded for further proceedings. Because we are reversing the trial court's judgment granting Ms. Duncan's exception of res judicata and the dismissal Dr. Duncan's original and supplemental and amended motion to reduce, Dr. Duncan's third assignment of error contending that the trial court erred in dismissing his First Supplemental and Amended Motion to Reduce Child Support is moot.
In his second assignment of error, Dr. Duncan contends that the trial court erred in sustaining Ms. Duncan's exception of no cause of action in response to his original Motion to Reduce Child Support.
Appellate courts review exception of no cause of action de novo because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. Wood v. Wood, 14-405 (La. App. 5 Cir. 11/25/14), 165 So.3d 181, 185. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, and that is done by determining whether the law affords a remedy on the facts alleged in the pleading. Wood, 165 So.3d at 185 ; Ramey v. DeCaire, 03-1299 (La. 3/19/04), 869 So.2d 114, 118.
Dr. Duncan's First Supplemental and Amending Motion to Reduce Child Support raises the question of whether the exception of no cause of action as to his original Motion to Reduce Child Support is moot and no longer presents a justiciable controversy.
It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. First Nat'l Bank v. Pearl River Fabricators, Inc., 06-2195 (La. 11/16/07), 971 So.2d 302, 307 ; Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 9-0601 (La. 10/20/98), 720 So.2d 1186, 1193 ; St. Charles Parish School Bd. v. GAF Corp., 512 So.2d 1165, 1170 (La. 1987).
In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely. Louisiana Associated Gen. Contrs. v. State ex rel. Div. of Admin., Office of State Purchasing, 95-2105 (La. 3/8/96), 669 So.2d 1185, 1193 ; First Nat'l Bank, 971 So.2d at 307 ; St. Charles Parish School Bd., 512 So.2d at 1171. An issue is moot when a *441 judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." Perschall v. State, 96-0322 (La. 7/1/97), 697 So.2d 240 ; Louisiana Associated Gen. Contrs., 669 So.2d at 1193. If the case is moot, then the court has no subject matter jurisdiction. St. Charles Parish School Bd., 512 So.2d at 1171.
Here, Dr. Duncan filed a First Supplemental and Amended Motion to Reduce Child Support and this amended motion was not the subject of Ms. Duncan's exception of no cause of action. Thus, the issue of whether Dr. Duncan's original Motion to Reduce Child Support stated a cause of action is moot.
Furthermore, the wording used in an amended petition may have the effect of superseding and replacing allegations in an original petition. Santiago v. Tulane Univ. Hosp. & Clinic, 12-1095 (La. App. 4 Cir. 4/24/13), 115 So.3d 675, 685 ; Williamson v. Hospital Service District No. 1 of Jefferson, 04-0451 (La. 12/1/04), 888 So.2d 782 (Although plaintiff's counsel acknowledged that the original pleadings were abandoned by virtue of amendment, the appellate court should have reviewed plaintiff's petition as supplemented and amended without reference to allegations in original petition that were substituted or abandoned); Coleman's Heirs v. Holmes' Heirs, 147 So.2d 752 (La. App. 3 Cir. 1962) (the court found that where the plaintiffs cause of action in the original petition conflicted with the cause of action in the supplemental petition, and where the supplemental petition did not expressly retain or abandon the prayers in the previous petition, it was presumed that the previous petition was abandoned); Bologna Bros. v. Stephens, 23 So.2d 645, 646-647 (La. App. 2 Cir. 1945) (the court relied on the language, "Plaintiffs supplement and amend their original and supplemental petitions ... to read as follows ," to find that the plaintiffs abandoned their original petition.). Based on the language of Dr. Duncan's First Supplemental and Amended Motion to Reduce Child Support, we conclude that the allegations in his original motion, upon which the exception of no cause of action was granted, had already been superseded, substituted and/or abandoned.
Conclusion
For the reasons stated herein, we conclude that portion of the March 19, 2018 amended judgment granting Ms. Duncan's exception of res judicata and dismissing Dr. Duncan's Motion to Reduce Child Support and his First Supplemental and Amended Motion to Reduce Child Support is reversed, and the matter is remanded for further proceedings consistent with this opinion.
REVERSED IN PART; REMANDED

La. C.C. art. 142 provides that a child support award "may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary."

La. R.S. 9:311 provides that a child support award may be modified when "the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award."