KELLIE REGISTER AND PHYLLIS BALSER

VERSUS

OSMAN CONSTRUCTION, LLC, MASTER BUILDERS AND RENOVATION, LLC, JOHN ALONSO AND PETHER ALONSO

NO. 24-CA-253

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 842-956, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 20, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Scott U. Schlegel

**AFFIRMED IN PART; REVERSED IN PART**

    **SUS**
    **SJW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
KELLIE REGISTER AND PHYLLIS BALSER
    Bradford H. Walker
    Gerald D. Wasserman

COUNSEL FOR DEFENDANT/APPELLEE,
MASTER BUILDERS AND RENOVATION, LLC, JOHN ALONSO AND
PETHER ALONZO
    Cesar J. Vazquez
    Paul C. Fleming, Jr.

**SCHLEGEL, J.**

Plaintiffs/Appellants Kellie Register's and Phyllis Balser's home in Kenner, Louisiana suffered extensive damages during Hurricane Ida. Plaintiffs claim that repairs to their home made by defendants, Master Builders and Renovation, LLC, John Alonso, and Pether Alonso, were incomplete, substandard, and failed to pass code inspections. In their petition, plaintiffs seek to hold individual defendants, John and Pether Alonso, personally liable for the damages sustained because of the substandard repairs. Defendants filed exceptions of vagueness and no cause of action arguing that plaintiffs failed to cite to any legal authority to hold the individual defendants personally liable. Defendants contend that John Alonso is the sole member of Master Builders and Pether Alonso is an occasional employee. In its April 9, 2024 judgment, the trial court granted the exceptions and determined that neither John Alonso nor Pether Alonso could be held personally liable for any allegations pled in the plaintiffs' petition. Plaintiffs appeal this judgment.

After conducting a *de novo* review of the petition, we find that the trial court erred when it granted defendants' exceptions of vagueness and no cause of action as it relates to Pether Alonso. Plaintiffs have sufficiently stated a cause of action against Pether Alonso based on allegations that plaintiffs remitted substantial payments in excess of $50,000.00 directly to Pether Alonso, rather than Master Builders. With respect to John Alonso though, we agree that the facts alleged in the petition regarding the basis for his personal liability are vague and affirm the trial court's ruling on the exception of vagueness. However, we find that the trial court erred by also granting the exception of no cause of action. The court should have instead denied the exception of no cause of action as moot and granted plaintiffs the opportunity to amend their petition.

For these reasons and those discussed more fully below, we reverse the trial court's April 9, 2024 judgment granting the exceptions of no cause of action as to

John and Pether Alonso and the exception of vagueness as to Pether Alonso. We affirm the judgment granting the exception of vagueness as to John Alonso, but grant plaintiffs thirty days to amend their petition with respect to their claim against him.

## FACTS AND PROCEDURAL BACKGROUND

In their petition filed on July 14, 2023, plaintiffs allege that Pether Alonso represented that he was a contractor with Master Builders and offered to complete the rebuild and renovation process of their home. Plaintiffs allege in the petition that John Alonso is an "officer" of Master Builders, but do not allege any facts regarding Pether's employment status with Master Builders. Plaintiffs initially decided to hire another contractor, Osman Construction, LLC. After discovering that Osman's repairs were allegedly substandard and deficient, plaintiffs assert that they contacted Pether Alonso in January 2022 to take over the completion of the repairs to their home. But the allegations in the petition are not clear as to the exact defendants who contracted with plaintiffs:

11.

Plaintiffs contacted Pether Alonso in January 2022 to complete the reconstruction of the house, and both parties agreed to a contract for labor and materials offered by Master Builders and Pether Alonso.[1]

Plaintiffs allege that the first check they remitted on January 13, 2022, in the amount of $25,000.00, was payable to Master Builders. However, additional checks remitted in January, February and March 2022, totaling over $51,000.00 were all made payable directly to Pether Alonso. Plaintiffs claim that Pether Alonso violated La. R.S. 37:2167(A) of the Louisiana Contractors Licensing Law because he is not a licensed residential contractor.[2] They contend that Pether used

---

[1] Later in the petition, plaintiffs allege that they "contracted with defendants for construction work in excess of $75,000.00."

[2] La. R.S. 37:2167(A) was repealed by Acts 2022, No. 195, § 2, effective August 1, 2022. The Editors' Notes for Acts 2022, No. 195 explain that the "Title of Act for Act 195 provides in part an intent to 'revise and reorganize provisions related to contractors.'" The Disposition Table for Acts 2022, No. 195

his brother, John, and John's company, Master Builders, which held commercial and residential contractor's licenses, to complete the repairs. Plaintiffs allege that John Alonso allowed Pether to act with apparent authority on behalf of Master Builders, and that Master Builders and John Alonso also acted in violation of the Louisiana Contractors Licensing Law by allowing Pether to perform work while knowing he lacked the requisite residential contractor's license.

According to the petition, the repairs performed by defendants were incomplete, unsatisfactory, and defective. Plaintiffs specifically claim that the sheetrock was damaged due to protruding screws; tiles in the bathroom showers were cracking; floors were uneven, stained and some areas were not grouted; walls were enclosed prior to inspection; and defendants' work failed a code inspection by the City of Kenner on September 8, 2022. Plaintiffs further contend that the property cannot be sold due to these numerous defects, and seek to recover all funds that they paid to defendants and third parties for materials. They also seek any additional costs required to complete the repairs to their home, damages for the loss of use and enjoyment of their home, and penalties, attorney fees, and courts costs.

In response to the petition, defendants filed exceptions of no cause of action, vagueness, and improper service on September 21, 2023.[3] Defendants argued in their exception of no cause of action that plaintiffs did not have a cause of action against Pether Alonso in his individual capacity because he is an occasional employee of Master Builders and plaintiffs failed to cite to an authority under which an employee could be held personally liable. They also argued that John

---

indicates that former sections of La. R.S. 37:2167 are now contained in La. R.S. 37:2153, 2156.1 and 2158.

[3] The exception of improper service is not at issue on appeal. The parties represented to the trial court that they resolved all service issues prior to the hearing on the exceptions.

Alonso is the sole member and manager of Master Builders and that plaintiffs did not allege any facts that could serve as a basis to pierce the corporate veil.

Plaintiffs filed an opposition to the exceptions of vagueness and no cause of action arguing that defendants, John and Pether Alonso, should be held personally liable pursuant to exceptions to the rule shielding members, employees and agents of a limited liability company from liability set forth in La. R.S. 12:1320(D).[4] Plaintiffs did not explain though which exception in La. R.S. 12:1320(D) applied to establish personal liability in this case. Instead, they simply quoted the four factors established by the Louisiana Supreme Court in *Ogea*, *supra*, regarding the

---

[4] La. R.S. 12:1320 governs issues of liability of members, managers, employees or agents of a limited liability company as follows:

    A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.

    B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

    C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

    D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

In *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So.3d 888, 897, the Louisiana Supreme Court explained that La. R.S. 12:1320(D) enumerates three narrowly defined circumstances in which a limited liability member, employee, or agent may be held personally liable: fraud, breach of professional duty, and negligent or wrongful act. The *Ogea* court further articulated a four-factor balancing test to assist in determining whether a member may be held personally liable for a negligent or wrongful act:

    1) whether a member's conduct could be fairly characterized as a traditionally recognized tort; 2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct at issue was done outside the member's capacity as a member.

    *Id.* at 900-01.

The Louisiana Supreme Court further reiterated in *Nunez v. Pinnacle Homes, LLC*, 15-87 (La. 10/14/15), 180 So.3d 285, 290, that the "limited liability of an L.L.C. member shall be construed as the general rule and personal liability as an exception strictly framed by the law."

exception for negligent or wrongful acts. Furthermore, plaintiffs did not specifically discuss how the facts alleged in their petition applied to the four factors. They only referred generally to the allegations in their petition that Master Builders and John Alonso acted in violation of Louisiana Contractors' Licensing Law by allowing Pether to perform work without the requisite residential contractor's license. They also mentioned the allegations that John Alonso was acting in his personal capacity when he allowed Pether to act with apparent authority on behalf of Master Builders.

Following oral argument on February 26, 2024, the trial court granted the exceptions. On April 9, 2024, the trial court entered a written judgment granting the exceptions of no cause of action and vagueness filed on behalf of defendants John and Pether Alonso, finding "that neither John Alonso nor Pether Alonso can be held personally liable for any allegations pled in the petition filed by Kellie Register and Phyllis Balser." This appeal filed by plaintiffs followed.

## LAW AND DISCUSSION

The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *5301 Jefferson Hwy, LLC v. A. Maloney Moving & Storage, Inc.*, 23-211 (La. App. 5 Cir. 5/29/24), 392 So.3d 337, 348. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Stewart v. Miller*, 23-535 (La. App. 5 Cir. 5/29/24), 388 So.3d 1264, 1268. "The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So.2d 114, 119.

The appellate court reviews a trial court's ruling sustaining an exception of no cause of action *de novo* because the exception raises a question of law and the

court's decision is based solely on the sufficiency of the petition. *5301 Jefferson Hwy, LLC*, 392 So.3d at 348. The peremptory exception of no cause of action is triable on the face of the pleadings, and for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Id.* No evidence may be introduced at any time to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Because Louisiana uses a system of fact pleading, a plaintiff is not required to plead the theory of recovery in his petition; however, mere conclusions of the plaintiff unsupported by facts will not set forth a cause of action. *5301 Jefferson Hwy, LLC*, 392 So.3d at 348-49.

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Welch v. United Med. Healthwest-New Orleans, L.L.C.*, 21-684 (La. App. 5 Cir. 8/24/22), 348 So.3d 216, 221. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.*

The purpose of a dilatory exception of vagueness is to provide a defendant notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action and prevent its future litigation after a judgment is obtained in the present suit. *Wood v. Wood*, 14-405 (La. App. 5 Cir. 11/25/14), 165 So.3d 181, 187. With an objection to vagueness, a defendant is not entitled to demand exactitude and detail of pleading beyond what is necessary to fulfill the above stated purposes. *Id.* Because the trial court's judgment on an exception of vagueness is based on a factual determination, the appellate court reviews the trial court's judgment under the manifest error standard of review. *Id.*

La. C.C.P. art. 933(B) addresses the effect of sustaining a dilatory exception, such as an exception of vagueness or ambiguity of the petition, providing:

When the grounds of the ... objection[ ] pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception *shall order* plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception *shall be dismissed only for a noncompliance with this order*. (Emphasis added.)

On appeal, plaintiffs assert the following six assignments of error:

1) The trial court erred in granting the exceptions of vagueness in favor of John Alonso and Pether Alonso where the petition alleged tortious conduct with specificity in violation of La. R.S. 12:1320(D).

2) The trial court erred in granting an exception of no cause of action in favor of Pether Alonso, an unlicensed residential contractor, where he instructed plaintiffs to issue checks to him individually, when the checks should have been made payable to Master Builders.

3) The trial judge erred in granting the exception of no cause of action in favor of Pether Alonso for tortious conduct prohibited by La. R.S. 12:1320(D) including conversion and unjust enrichment when the contract required payments to be made directly to Master Builders.

4) The trial judgment erred in granting an exception of no cause of action in favor of John Alonso, who was the sole member of Master Builders and allowed Pether Alonso to accept payments in violation of the contract between plaintiffs and Master Builders.

5) The trial court erred by not finding that John and Pether Alonso intentionally and purposely misled plaintiffs by telling them that Pether was an owner of Master Builders acting on behalf of the company to procure a residential contract while in truth and in fact he did not have this authority and was simply an employee of the company and did not possess a residential contractor's license.[5]

6) The trial court erred in not finding that John and Pether Alonso acted in their individual capacities and were personally liable for acts of conversion and intentional misrepresentations.

---

[5] Plaintiffs do not allege in their petition that John Alonso personally made any misrepresentations to them regarding Pether's position with Master Builders, or his authority to act on behalf of the company. They only allege that John Alonso allowed Pether to work knowing that he lacked the requisite license and that he generally allowed Pether to act with apparent authority on behalf of Master Builders.

*Exceptions of No Cause of Action and Vagueness – Pether Alonso*[6]

We first address plaintiffs' arguments regarding the exceptions of no cause of action and vagueness granted in favor of Pether Alonso. Based on our *de novo* review of the petition and accepting all allegations in the petition as true, we agree that the trial court erred by granting these exceptions and finding that Pether Alonso could not be held personally liable to plaintiffs. While defendants contend that Pether was an occasional employee of Master Builders and thus cannot be held personally liable, the allegations in the petition indicate that over $51,000.00 of the payments made by plaintiffs for the repairs were made payable directly to Pether Alonso. These allegations alone provide plaintiffs with a cause of action against Pether Alonso in his personal capacity. Plaintiffs further allege that Pether did not hold the required contractor's license and that he misled plaintiffs and improperly used his brother's company, Master Builders, to complete the repairs. Plaintiffs contend that this conduct renders the contract null entitling them to a full refund of all sums paid. They also contend that they have claims for conversion and unjust enrichment against Pether Alonso. Considering the foregoing, we reverse the trial court's judgment granting the exceptions of no cause of action and vagueness against Pether Alonso.

*Exceptions of No Cause of Action and Vagueness – John Alonso*

In their first assignment of error, plaintiffs allege that the trial court erred by granting defendants' exception of vagueness against John Alonso because their petition alleges tortious conduct with specificity in violation of La. R.S. 12:1320(D). As explained above, La. R.S. 12:1320(D) enumerates three narrowly defined circumstances under which a limited liability member may be held

---

[6] Plaintiffs do not address the assignments of error individually, but rather address them together in one argument section. We will address the arguments raised on appeal as they apply to each individual defendant.

personally liable: fraud, breach of professional duty, and negligent or wrongful act. *Ogea*, 130 So.3d at 897.

In their appellate brief, plaintiffs generally argue that defendants' tortious actions renders them liable under Section 12:1320(D). The only other argument plaintiffs provide in their appellate brief with respect to the application of the Section 12:1320(D) exceptions is the inclusion of eight pages of block quotes from three different cases. *See Korrapati v. Augustino Brothers Construction, LLC*, 19-246 (La. App. 5 Cir. 7/31/20), 302 So.3d 147, 154-56 (affirming the application of the fraud exception under Section 12:1320(D) to hold a member of an LLC personally liable);[7] *BridgePoint Healthcare Louisiana, LLC v. St. Theresa Specialty Hospital, LLC*, 21-612 (La. App. 5 Cir. 5/11/22), 342 So.3d 120, 126 (affirming a default judgment holding the manager of a limited liability company personally liable for conversion of check proceeds pursuant to the negligent or wrongful act exception); *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 22-503 (La. App. 4 Cir. 1/18/23), 357 So.3d 857, 864-67, *writ denied*, 23-234 (La. 4/12/23), 359 So.3d 31 (holding estate of pilot of aircraft personally liable pursuant to breach of professional duty exception). Plaintiffs do not provide any discussion though as to how these quotes support their argument that John Alonso should be held personally liable pursuant to La. R.S. 12:1320(D).

More importantly, plaintiffs do not cite to La. R.S. 12:1320 in their petition and do not indicate which exception(s) they contend could hold John Alonso personally liable in these proceedings. The only factual allegations in the petition addressing John Alonso are that he is an officer of Master Builders, "John Alonso

---

[7] Plaintiffs note that the *Korrapati* court also declared the construction contract absolutely null because the contractor that entered into the contract, Augustino Brothers Construction, LLC, did not have a proper contractor's license. *Id.* at 153-54. However, the *Korrapati* court's decision to affirm the ruling holding the individual member of the limited liability company personally liable under the Section 12:1320(D) fraud exception was not based on the null contract, but rather on the individual's intentional misrepresentation to the homeowner that he had obtained a building permit to complete the repairs to the home.

acted in violation of the Louisiana State Contractors Licensing Law by allowing Pether Alonso to perform work knowing that he also lacked the requisite residential contractor's license," and "John Alonso, allowed his brother, Pether Alonso to act with apparent authority on behalf of Master Builders." We recognize that plaintiffs are not required to allege causes of action in their petition with specificity. However, they must provide enough information to allow John Alonso to prepare a defense to allegations that he should be held personally liable.

Accordingly, we agree that the trial court was not manifestly erroneous in granting the exception of vagueness against John Alonso. However, we find that the trial court erred by also granting the exception of no cause of action. The court should have denied the exception of no cause of action as moot and given plaintiffs the opportunity to amend their petition to add facts and allegations to explain the basis upon which they seek to hold John Alonso personally liable as required by La. C.C.P. art. 933. Thus, we reverse the portion of the April 9, 2024 judgment that granted the exception of no cause of action against defendant, John Alonso, and grant plaintiffs 30 days to amend their petition with respect to their claims to hold John Alonso individually liable.

## DECREE

Based on the forgoing, we reverse the trial court's April 9, 2024 judgment granting the exceptions of no cause of action against Pether and John Alonso, and further reverse the exception of vagueness granted against Pether Alonso. We affirm the portion of the April 9, 2024 judgment granting the exception of vagueness against John Alonso, and give plaintiffs 30 days to amend the allegations in their petition seeking to hold John Alonso personally liable pursuant to La. C.C.P. art. 933.

**AFFIRMED IN PART;**
**REVERSED IN PART**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 24-CA-253

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
GERALD D. WASSERMAN (APPELLANT)
KATHLEEN P. RICE (APPELLEE)
SETH A. SCHMEECKLE (APPELLEE)

DANICA B. DENNY (APPELLEE)
PATRICK J. SCHEPENS (APPELLEE)

DANIEL E. SCHWANK (APPELLEE)
HEATHER N. SHARP (APPELLEE)

## MAILED

DENMAN T. MIMS (APPELLEE)
GILLIS W.P. KLOTZ (APPELLEE)
PHOEBE A. HATHORN (APPELLEE)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 3700
NEW ORLEANS, LA 70163

CHRISTEN E. DENICHOLAS (APPELLEE)
ATTORNEY AT LAW
848 SECOND STREET
3RD FLOOR
GRETNA, LA 70053

KATIE WHITMAN MYERS (APPELLEE)
TUCKER T. BOHREN (APPELLEE)
ATTORNEYS AT LAW
365 CANAL STREET
CANAL PLACE, SUITE 2000
NEW ORLEANS, LA 70130

CESAR J. VAZQUEZ (APPELLEE)
PAUL C. FLEMING, JR. (APPELLEE)
ATTORNEYS AT LAW
848 SECOND STREET
GRETNA, LA 70053

BRADFORD H. WALKER (APPELLANT)
ATTORNEY AT LAW
3939 NORTH CAUSEWAY BOULEVARD
SUITE 200
METAIRIE, LA 70002