# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-570

**LYNDALL SPRINGER**

**VERSUS**

**NANNIE O'NEAL APARTMENTS, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2012-0256 - DIV. B
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

**Richard A. Rozanski**
**Wheelis & Rozanski**
**P. O. Box 13199**
**Alexandria, La 71315-3199**
**Telephone: (318) 445-5600**
**COUNSEL FOR:**
    Defendants/Appellees - MAC-RE, L.L.C., Murray A. Calhoun, Maurice Riemer Calhoun, Jr., Calhoun Property Management, Inc., Beauregard Seniors Apts., A.L.P.C., and Beauregard Community Action Associates, Inc.

**D. Patrick Daniel, Jr.**
**P. O. Drawer 51709**
**Lafayette, LA 70505-1709**
**Telephone: (337) 232-7516**
**COUNSEL FOR:**
    Plaintiff/Appellant - Lyndall Springer

**THIBODEAUX, Chief Judge.**

Lyndall Springer filed suit against Defendants, Beauregard Seniors Apartments Partnership and MAC-RE, L.L.C., after he fell at an apartment complex Defendants allegedly owned and/or managed. Mr. Springer claims that Defendants failed to provide a handicapped-accessible ramp on the property, and their failure to do so caused his fall and subsequent injuries. The district court granted Defendants' dilatory exception of vagueness and dismissed the case. Mr. Springer's appeal asserts that his petition was properly pled, and even if it were not properly pled, the trial court erred in dismissing the action without prejudice. For the following reasons, we reverse the judgment of the trial court.[1]

I.

**ISSUE**

We must determine whether the trial court erred in granting Defendants' dilatory exception of vagueness and dismissing Mr. Springer's action without prejudice.

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Springer is disabled and relies on the use of a wheelchair and/or walker. He lives in an apartment complex owned by Defendants in Beauregard Parish. Mr. Springer was injured while attempting to travel from the parking lot to his apartment while using a walker. He alleges that Defendants' failure to install a

---

[1]Defendants filed a Motion to Strike Mr. Stringer's brief on the grounds that it contains exhibits and other references not previously in the record. We grant Defendants' Motion. The Court of Appeal is a court of record and is unable to review evidence not in the record or to accept new evidence. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84.

handicapped-accessible ramp contributed to or caused his fall and subsequent injuries.

Mr. Springer filed a petition for damages against a number of defendants and claimed his injuries were caused by Defendants' failure to maintain the premises and allowing the premises to exist in a defective manner. He amended his first petition to add additional defendants, but he maintained the same allegations of fault. Defendants filed Exceptions to Plaintiff's Petition and Superceding Petition. The trial court granted Defendants' dilatory exception of vagueness and ordered Mr. Springer to amend his petition to cure the alleged deficiencies. Mr. Springer then amended his petition on four separate occasions, each time adding additional information or clarifying previous points.

Seven months after Mr. Springer filed his original petition, Defendants reurged the dilatory exception of vagueness and filed a memorandum in support of dismissal. The trial court held a hearing and issued a judgment granting Defendants' dilatory exception and dismissing Mr. Springer's claims without prejudice. Mr. Springer appeals.

III.

## LAW AND DISCUSSION

### Standard of Review

"[T]he purpose of a dilatory exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit." *Se. La. Univ. v. Cook*, 12-21, p. 5 (La.App. 1 Cir. 9/21/12), 104 So.3d 124, 128. Thus, because the trial court's

judgment is based on a factual determination, the appellate court reviews the trial court's judgment under the manifest error standard of review. *See Id.*

## Proper Pleading

Louisiana is a fact pleading state under the Louisiana Code of Civil Procedure. *Ellis v. Normal Life of Louisiana*, 93-1009, p. 8 (La.App. 5 Cir. 5/31/94), 638 So.2d 422, 427. Although it has always been necessary to state a cause of action and to allege the material facts continuing a cause of action, it is not necessary to allege evidence. *See* La.Code Civ.P. art. 854. Indeed, Louisiana's system allows even the most unsophisticated plaintiffs the opportunity to have their day in court. "[T]he objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims of La.Code Civ.P. arts. 854 and 891."[2] *Thomas v. Sonic*, 06-14, p. 4 (La.App. 1 Cir. 11/3/06), 950 So.2d 822, 824. A plaintiff's petition is sufficient as long as it fairly informs the defendant of the general nature of the cause of action and alleges facts sufficient to allow the defendant to prepare a defense. *Washington v. Flenniken Constr. Co.*, 188 So.2d 486 (La.App. 3 Cir. 1966).

---

[2]The pertinent portions of La.Code Civ.P. arts. 854 and 891 respectively provide:

Article 854. Form of pleading

No technical forms of pleading are required.

All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

Article 891. Form of petition

A. The petition shall comply with Articles 853, 854, and 863, and whenever applicable, with Articles 855 through 861. It shall . . . contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation . . . .

Here, Mr. Springer's fourth amended petition was more than sufficient to inform Defendants of the claims asserted and to allow them to prepare a defense. Mr. Springer alleged that he is a disabled individual who lives in the apartments owned and/or managed by Defendants. He was injured when he was forced to negotiate a curb in the parking lot of the apartment complex without the benefit of a handicapped-accessible ramp. The facts in the record are adequate to place any entity on notice of the cause of action. Any additional information sought by Defendants can be revealed during the discovery process. Thus, we find that Mr. Springer's most recent petition more than adequately complies with the Louisiana Code of Civil Procedure, and the trial court erred in granting Defendants' dilatory exception of vagueness.

### Dismissal of Mr. Springer's Action

Generally, a dilatory exception "merely retards the progress of the action," but it does not tend to defeat the action. La.Code Civ.P. art. 923. In *City of Gretna v. Gulf Distilling Corp.*, 21 So.2d 884 (La.1945), the supreme court reversed the trial court's dismissal of a plaintiff's suit after the plaintiff had attempted several times to amend its petition. In doing so, the court stated:

> The exception of vagueness is a dilatory plea. Such exceptions do not tend to defeat the action but only to retard its progress. Code of Practice, Article 332. The purpose of the exception is to compel the plaintiff to amplify and make more definite his claim in order that defendant may properly prepare his defense. It is futile to order a plaintiff to give information that he alleges is not in his possession and is not procurable by him at the beginning of the suit. No useful purpose can be served by such an order if plaintiffs allegation that the particulars are contained in the books of defendant and are readily available to him is true. The only effect of an order with which, on the face of the petition, plaintiff is unable to comply is to convert a dilatory exception into a

4

peremptory exception tending to the dismissal of the suit. When a plaintiff has alleged all that he can possibly allege, his petition must be met by a peremptory exception and not by a dilatory exception, such as a plea of vagueness.

Our conclusion is that the showing made by plaintiff in its several petitions entitle plaintiff to an opportunity to prove its claim. If plaintiff fails to do this it will at least have been given its day in court. If plaintiff has stated a cause of action which he can substantiate by proof, plaintiff should not be deprived of his right of recovery.

*Id.* at 889.

As we previously discussed, we see nothing lacking in Mr. Springer's petition. Thus, the trial court erred by granting the dilatory exception, and it erred further by dismissing Mr. Springer's lawsuit. We reverse the trial court and remand the action so that the parties may proceed with discovery.

IV.

## CONCLUSION

We reverse the judgment of the trial court and remand this case for further proceedings. Costs of this appeal are assessed against Defendants.

**REVERSED AND REMANDED.**