WINDHORST, J.
*804 This matter involves the succession of Josephine Catalano Gendron (hereinafter "Ms. Gendron" or "the deceased"), who was survived by six (6) children and died testate. For the reasons stated below, we reverse the trial court's ruling on the exceptions of vagueness, no cause of action and unauthorized use of ordinary proceedings and remand for further proceedings.
I. Background
Ms. Gendron was married to Raymond Roy Gendron, Sr. (hereinafter "Mr. Gendron, Sr."), who predeceased her and with whom she had six children, namely Karen Gendron, Maria G. Lambert, Tracey G. Boyle, Raye Claire Gendron, Judy G. Kline and Raymond Gendron, Jr. Ms. Gendron died on May 12, 2016 with a Last Will and Testament (the "Will") executed on July 30, 2015 and signed by a notary and two witnesses. The Will names Ms. Gendron's son, Raymond Gendron, Jr., as the Independent Executor (hereinafter the "Executor") of her succession and leaves the balance of her entire estate to him, except for a five percent (5%) commission to Jerry Bordelon on any rent houses sold.
On June 17, 2016, the Executor filed a Petition for Probate of a Notarial Testament and a Petition for Confirmation of Independent Executor in St. John the Baptist Parish, the Fortieth Judicial District Court, seeking execution of the Will and his confirmation as Independent Executor. That same day, Judge Sterling Snowdy signed an Order for Probate, ordering the execution of Ms. Gendron's Will and an Order, confirming Raymond Gendron, Jr. as the Independent Executor of the Succession of Ms. Gendron and directing the issuance of letters testamentary. According to the Sworn Detailed Descriptive List, Ms. Gendron's estate has a total gross value of $5,627,617.07.
On August 1, 2016, Ms. Gendron's other five children, Karen, Maria, Tracey, Raye and Judy (hereinafter "petitioners" or "appellants") filed a Notice of Lis Pendens and a Motion to File a Petition for Intervention in the record of the Succession of Josephine Catalano Gendron, notifying the Executor that petitioners had filed a Petition to Reopen the Succession, Recover Decedent's Funds and Annul Decedent's Probated Testament in the Succession of Mr. Gendron, Sr. Petitioners stated that the outcome of these proceedings may affect the division of property in In Re Succession of Josephine Catalano Gendron. By order dated August 29, 2016, the trial court granted the motion, allowing petitioners to file their Petition of Intervention in this succession and to serve their Petition on the Executor. Thus, on September 30, 2016, petitioners filed the Petition for Intervention into the Succession of Josephine Catalano Gendron (hereinafter the "Petition"), contesting the validity of Ms. Gendron's Will.
In the Petition, petitioners assert that the Will is invalid and null as a matter of law because (1) Ms. Gendron did not have the capacity to comprehend the nature and consequences of the Will due to her declining mental and physical health, including memory lapses and behavioral changes; (2) the Will was a product of undue influence *805 by the Executor in violation of La. C.C. art. 1479 ; and (3) Ms. Gendron did not declare the Will as hers or sign the Will in the presence of two competent witnesses in violation of La. C.C. art. 1577. Petitioners seek a judgment declaring the Will null, recognition as Ms. Gendron's heirs, possession of their shares of Ms. Gendron's estate, and any other damages.
The Executor's Exceptions
On December 5, 2016, Ray Jr. filed Dilatory Exceptions of Unauthorized Use [of Ordinary Proceedings], Vagueness and Ambiguity, Nonconformity and Improper Cumulation of Actions, and a Peremptory Exception of No Cause of Action. In the Exception of Unauthorized Use, Ray Jr. asserts that an action to annul the Will must be done by summary proceeding and that petitioners should have filed a rule to show cause. In the Exception of Vagueness and Ambiguity, Ray Jr. asserts that the petition fails to allege sufficient facts to place the Executor on notice of "the facts upon which the Plaintiffs' claims are based." In the Exception of No Cause of Action, the Executor alleges that petitioners fail to allege sufficient facts to state causes of action based on testamentary incapacity, insufficiency of form or undue influence to annul Ms. Gendron's Will.
The Executor's exceptions were argued before the trial court on January 10, 2017. On January 23, 2017, the trial court granted the Executor's Exceptions of Unauthorized Use of Ordinary Proceedings, Vagueness and Ambiguity and No Cause of Action. The trial court allowed petitioners fifteen (15) days to amend their petition to cure the vagueness and ambiguity and plead specific facts as to their causes of action for testamentary incapacity and undue influence.
On February 6, 2017, petitioners filed a timely motion for appeal, which the trial court granted on February 7, 2017.
II. Issues Presented
(1) Did the trial court err in granting the Executor's exception of vagueness and ambiguity?
(2) Did the trial court err in granting the Executor's exception of no cause of action as to petitioners' claims that the Will is null and void based on vice of form under La. C.C. art. 1577, undue influence, and testamentary incapacity.
(3) Did the trial court err in granting the Executor's exception of unauthorized use of ordinary proceedings?
III. Law and Analysis
Jurisdictional Issue
This case involves a jurisdictional issue concerning the order certifying the judgment at issue as appealable. The relevant judgment does not state reasons why there is no just reason to delay appellate review as required by La. C.C.P. art. 1915. We therefore address whether the trial court abused its discretion in certifying these rulings as appealable using the analysis set forth in R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05), 894 So.2d 1113. Under Messinger, an appellate court should evaluate whether the trial court properly certified a judgment as appealable by considering the relationship between the adjudicated and non-adjudicated claims; the possibility that the need for review may be mooted by further developments; the possibility that the trial court may reconsider the same issue; and various factors such as delay, economic and solvency considerations, shortening trial, frivolity of claims and expense. Id. We find there is no just reason to delay reviewing the relevant judgment at issue as resolution of the issues presented is necessary for this litigation to proceed. The resolution of these issues affects other issues in *806 the case, and such should decrease the time and expense necessary to resolve this case. We therefore proceed with our review of the issues raised herein.[1]
The Exception of Vagueness and Ambiguity
Appellants assert the trial court erred in granting the Executor's exception of vagueness and ambiguity on the claims of testamentary incapacity and undue influence. Appellee argues that the Petition contains conclusory allegations that are insufficient to place the Executor on notice. An appellate court reviews a judgment on an exception of vagueness under the manifest error standard of review because the district court's judgment is based on a factual determination. Wood v. Wood, 14-405 (La. App. 5 Cir. 11/25/14), 165 So.3d 181, 187.
La. C.C.P. art. 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." One purpose of this requirement "is to place the defender on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action." Bustamente v. Vezina, 95-556 (La. App. 5 Cir. 01/30/96), 668 So.2d 1286, citing AAA Delivery, Inc. v. Airborne Freight, 94-346 (La. App. 5 Cir. 11/16/94), 646 So.2d 1113, writ denied, 94-3073 (La. 2/9/95), 649 So.2d 423. Exactitude and detail of pleading beyond placing defendants on notice of the claims asserted is not required. Id. A plaintiff's petition can survive an exception of vagueness if it "fairly informs the defendant of the general nature of the cause of action and alleges facts sufficient to allow the defendant to prepare a defense." Springer v. Nannie O'Neal Apts., 13-570 (La. App. 3 Cir. 11/13/2013), 125 So.3d 606.
On review of the petition, we find that appellants allege sufficient facts to inform the Executor that they are asserting testamentary incapacity and undue influence claims and to allow him to prepare a defense. Petitioners allege that when Ms. Gendron executed the Will, "her mental and physical health was in decline and she could not understand the consequences of her actions" and she "experienced memory lapses and behavioral changes in the time period immediately before, during, and after July 30, 2015." Petitioners also allege that "decedent was confused and conflicted about how her estate would be divided." We find these allegations are sufficient to assert a claim for testamentary incapacity as they provide reasons why the decedent may not have understood the consequences of her actions. In addition, the allegations inform the Executor that the decedent's capacity when the Will was executed is at issue. We therefore find the trial court erred in granting the Executor's exception of vagueness as to the testamentary incapacity claim.
As to the undue influence claim, Petitioners allege that the Executor isolated the decedent from her daughters, monitored the decedent's interactions with her daughters and exhibited domineering control over the decedent in the last year of her life. Petitioners also allege that the July 30, 2015 Will is the product of undue influence by the Executor and that the Executor impaired the volition of the decedent *807 so as substitute his own volition. We find these allegations are sufficient to assert a claim for undue influence as they enumerate the alleged actions by which the Executor influenced the decedent to substitute his wishes for hers and specifically identify the Executor as the person who exerted undue influence on the decedent. Thus, we find the trial court erred in granting the Executor's exception of vagueness as to the undue influence claim.
In light of the foregoing, we reverse the trial court's judgment granting the Executor's exception of vagueness as to the testamentary capacity and undue influence claims.
The Exception of No Cause of Action
Appellants assert that the trial court erred in granting the Executor's exception of no cause of action on their claims that the Will is invalid based on vice of form, testamentary capacity and undue influence. Appellee asserts that appellants' allegations are conclusory. An appellate court reviews the judgment sustaining a peremptory exception of no cause of action de novo , because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Guidry v. Hanover Ins. Co., 09-220 (La. App. 5 Cir. 11/10/09), 28 So.3d 426, 429, citing City of New Orleans v. Board of Commissioners, 93-0690 (La. 7/5/94), 640 So.2d 237, 241.
An exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La. 11/30/94), 646 So.2d 885, 888 ; Zurich American Ins. Co. v. Queen's Machinery Co., Ltd, 08-546 (La. App. 5 Cir. 1/27/09), 8 So.3d 91, 96. On an exception of no cause of action, no evidence may be introduced and the well-pleaded facts in the petition must be accepted as true. La. C.C.P. art. 931 ; Guidry, 28 So.3d at 428-429 ; City of New Orleans, 640 So.2d at 241 ; Zurich, 8 So.3d at 96. Any doubt should be resolved in favor of finding that the petition states a valid cause of action. Id.
The trial court granted the Executor's exception of no cause of action on the vice of form claim and dismissed that claim. In its reasons for judgment, the trial court stated that petitioners "have failed to state a cause of action which can be cured through amendment. This Court specifically finds that the testament meets the form requirements of La. C.C. art. 1577. There is no merit to intervenors' claim that the probated testament is invalid due to form or failure to meet the form requirements of La. C.C. art. 1577." The trial court's language in the reasons for judgment indicates that it addressed the merits of this claim instead of limiting its analysis to whether the petition states any valid cause of action. Thus, the trial court legally erred in its analysis and resolution of this issue.
With regard to their vice of form claim, petitioners allege that "the testator did not declare or signify to the two witnesses that the instrument was her testament" and "did not sign her name in the presence of two competent witnesses." These allegations are sufficient to state a cause of action for vice of form under La. C.C. art. 1577. We therefore find the trial court erred in granting the Executor's exception of no cause of action on this claim.
The trial court also found petitioners' allegations insufficient to support their claims of testamentary incapacity and undue influence, but granted them leave to amend their petition to more specifically state allegations for these causes of action. To have testamentary capacity, a person must be able "to comprehend generally the *808 nature and consequences of the disposition that he is making." La. C.C. art. 1477. Considering this code article, to state a cause of action for testamentary incapacity, the petition should include allegations that the decedent was unable to understand the nature and consequences of his actions on the day he made the will. See, Succession of Salvadore Culotta, Jr., 04-1298 (La. App. 5 Cir. 03/01/1995), 900 So.2d 137. We find the following allegations from the petition sufficient to state a cause of action for testamentary incapacity, namely that (1) when Ms. Gendron executed the Will, "her mental and physical health was in decline and she could not understand the consequences of her actions"; (2) she "experienced memory lapses and behavioral changes in the time period immediately before, during, and after July 30, 2015"; and (3) "decedent was confused and conflicted about how her estate would be divided." Given that petitioners assert sufficient facts to state a cause of action for testamentary incapacity, we find the trial court erred in granting the exception of no cause of action on this claim.
To assert an undue influence claim, petitioners should assert facts indicating that a person exercised psychological domination over the decedent to the extent that the decedent could not help but do what the dominating person wanted. Cupples v. Pruitt, 32,786 (La. App. 2 Cir. 03/01/00), 754 So.2d 328. For a will to be declared null based on undue influence, there must be "proof that it is the product of influence by the donee or another person that so impaired the volition of the donor as to substitute the volition of the donee or other person for the volition of the donor." La. C.C. art. 1479. As necessary, Petitioners allege that the July 30, 2015 document is the product of the Executor's volition. In addition, the Petition contains sufficient allegations that the Executor exercised psychological domination over the decedent as it alleges he isolated the decedent from her daughters, monitored the decedent's interactions with her daughters and exhibited domineering control over the decedent in the last year of her life. Given these allegations, we find the trial court erred in granting the exception of no cause of action on this claim.
For the reasons stated above, we reverse the trial court's judgment granting the Executor's exceptions of no cause of action on the vice of form, testamentary incapacity and undue influence claims.
Exception of Unauthorized Use [of Ordinary Proceedings] [2]
The trial court also granted the Executor's exception of unauthorized use of ordinary proceedings, finding that the use of ordinary process to annul a testament is improper under La. C.C.P. art. 2931. Appellants assert that they have not used any improper process, but that they have complied with the Code of Civil Procedure's requirements by filing their petition for intervention in the succession proceedings and serving the Executor with a certified copy of the petition. Appellee asserts that appellants should have filed a rule to show cause. Based on the record and the law, we find appellants have not employed any improper process in this matter.
*809 There are three different modes of procedure used in civil matters in Louisiana trial courts: ordinary, summary, and executory.[3] La. C.C.P. art. 851. Ordinary proceedings are used "in the district courts in all cases, except as otherwise provided by law." Id."Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La.C.C.P. art. 2591. La. C.C.P. art. 2592 states that summary proceedings may be used for, among other things, the disposition of "[a]n action to annul a probated testament under Article 2931." Under La. C.C.P. art. 2931, "[a] probated testament may be annulled only by a direct action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged. The action shall be tried as a summary proceeding." La. C.C.P. art. 2971 provides that "the rules of pleading and service of process applicable in ordinary proceedings shall apply to succession proceedings. A certified copy of the petition, opposition, contradictory motion, or rule initiating a contradictory succession proceeding shall be served on the adverse party...."
The record indicates that on August 17, 2016, appellants filed a Motion to File Petition for Intervention in In Re: Succession of Josephine Catalano Gendron. By order dated August 29, 2016, the trial court issued an order allowing them to file their Petition of Intervention in this succession and to serve their Petition on the Executor. Pursuant to this order, on September 30, 2016, appellants filed their Petition in the succession proceedings and served all parties. On December 2, 2016, the Executor responded to the Petition by filing a number of Exceptions, including those discussed herein.
Nothing in the Petition indicates that appellants intended to employ ordinary proceedings and not summary proceedings in this case. As required by La. C.C.P. art. 2972 and pursuant to the court's August 29, 2016 order, appellants properly served the Executor with a copy of their petition. In addition, La. C.C.P. art. 2596 indicates that even in cases involving summary proceedings, the rules of ordinary proceedings may also be used. Specifically, this article provides that "[t]he rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law." While the Executor asserts that appellants should have filed a rule to show cause, the allegations of the Petition suggest that discovery is necessary before any contradictory hearing could resolve the claims herein. Thus, we find there is nothing in the record to support a conclusion that appellants employed any improper process and reverse the trial court's ruling on appellee's exception of unauthorized use of ordinary proceedings.
IV. Conclusion
For the reasons discussed above, we reverse the trial court's January 23, 2017 Judgment granting the Executor's exceptions of vagueness, no cause of action and unauthorized use of ordinary proceedings and remand for further proceedings.
REVERSED AND REMANDED

The relevant judgment in this matter is entitled Judgment on Exceptions, and it contains both written reasons for judgment and the judgment. La. C.C.P. art. 1918 provides that a judgment and written reasons for judgment should be separate. An appellate court reviews judgments, not reasons for judgments. Wooley v. Lucksinger, 09-571 (La. 04/01/11), 61 So.3d 507.

The Executor titled this Exception "Exception of Unauthorized Use and Nonconformity" and the trial court, in its Judgement, titled it "Exception of Unauthorized of Ordinary Proceeding." Notably, this exception is not listed in La. C.C.P. art. 926, and there is no Louisiana law addressing such an exception. La. C.C.P. art. 926, however, states that the list of dilatory exceptions are not exclusive, and it appears that the Executor's exception is a confection of "unauthorized use of summary proceeding."

We do not discuss executory process here as it is not at issue in this matter.