WESTLAWN CEMETERIES, L.L.C.

VERSUS

THE LOUISIANA CEMETERY BOARD

NO. 20-C-250  C/W 20-C-281 & 20-C-337

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

January 11, 2021

Susan Buchholz
First Deputy Clerk

**IN RE** THE LOUISIANA CEMETERY BOARD

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN C. GREFER, DIVISION "J", NUMBER 795-617

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Robert A. Chaisson

**WRIT APPLICATIONS GRANTED IN PART; DENIED IN PART; MARCH 13, 2020 AND JULY 24, 2020 JUDGMENTS VACATED; AUGUST 31, 2020 JUDGMENT VACATED IN PART; REMANDED WITH INSTRUCTIONS**

In three writ applications, Relator, Louisiana Cemetery Board ("LCB"), seeks review of the Twenty-Fourth Judicial Court's rulings issued in this declaratory judgment action brought by Respondent, Westlawn Cemeteries, L.L.C. ("Westlawn") on May 24, 2019 after informal administrative proceedings between LCB staff and Westlawn failed to resolve the issues, but before Westlawn initiated formal administrative proceedings. Among other things, Westlawn's action challenges the constitutionality of LA. ADMIN. CODE tit. 46, Pt XIII, §§1503(C) and 1505, after LCB charged Westlawn with possibly violating those provisions in the administration of its perpetual care trust fund.[1]

---

[1] LA. ADMIN. CODE tit. 46, Pt XIII, § 1503 (C) provides: "All income received by the trustees of cemetery care funds, which is not remitted to the cemetery authority within 120 days after the end of the latest tax reporting year of the cemetery authority, owning or operating a cemetery for which the trust fund is maintained, shall become, for all purposes, part of and added to the corpus or principal of the trust, and may not be withdrawn or distributed."

20-C-250  C/W 20-C-281 & 20-C-337

LCB filed exceptions of no cause of action and a motion for summary judgment; Westlawn filed a cross motion for summary judgment. On March 13, 2020, after a hearing set to address the exceptions and motions, the district court ordered LCB to conduct an administrative hearing limited to the interpretation and application of pertinent sections of the Louisiana Administrative Code, as applied by the staff of the LCB in informal proceedings[2] against Westlawn. The court continued LCB's peremptory exceptions and the parties' cross motions for summary judgment without date and further ordered that they be reset if the parties did not reach a consensus regarding the constitutionality of Sections 46:XIII.1503(C) and 46:XIII.1505. LCB filed writ application 20-C-250 arguing that the district court erred in ordering LCB to conduct a limited administrative hearing because 1) Westlawn had not exhausted its administrative remedies; 2) any ruling by this court would constitute an advisory opinion, because there is no substantive administrative record and no justiciable controversy; and 3) the district court should have granted LCB's exception of no cause of action. Westlawn subsequently filed a motion to dismiss this writ application on the basis that the judgment for which LCB is seeking review is a consent judgment not subject to appellate review. Westlawn also contends it does not have to wait for an official agency act or adjudication before seeking declaratory judgment regarding the constitutionality of agency rules.

In writ application 20-C-281 (consolidated with 20-C-250), LCB seeks review of the district court's ruling on LCB's exceptions to the Petition of Intervention filed by the Trustees of the Westlawn Memorial Park Perpetual Trust Fund ("Trustees"). On June 24, 2020, the district court denied LCB's exception of vagueness and ambiguity, continued LCB's exceptions of prematurity and no cause of action without date, and ordered LCB to comply with its March 13, 2020 order to conduct a limited administrative proceeding, with the continued exceptions to be reset if the parties do not reach a consensus regarding the constitutionality of the above-mentioned Louisiana Administrative Code provisions. As in 20-C-250, LCB maintains it was error for the district court to refuse to dismiss the Trustees' action and also contends the district court erred in retaining jurisdiction pending the outcome of the administrative proceeding. LCB also assigns as error the district court's dismissal of LCB's vagueness exception, in which LCB argues that the Trustees, who are charged to administer and preserve the trust fund with a fiduciary duty owed to the public, should not be procedurally aligned with Westlawn, who is the recipient of those funds, nor should the same counsel represents both the Trustees and Westlawn. LCB contends it "raised [an exception of vagueness] in an effort . . . to protect the public against clear conflicts of interest among the parties in this matter."

In writ application 20-C-337, LCB seeks review of the district court's August 31, 2020 judgment ordering it to conduct a limited administrative hearing in accordance with the court's [March 13], 2020 judgment.[3] LCB contends the

---

LA. ADMIN. CODE tit. 46, Pt XIII, § 1505 provides, in pertinent part: "A. All perpetual or endowed care cemeteries shall submit a report to the board, on the forms prescribed by the board, within six months after the close of the cemetery authority's tax reporting year. B. All trustees of perpetual or endowed care trust funds shall submit a report to the board, on the forms prescribed by the board, within 5 months after the close of the cemetery authority's tax reporting year, or within 60 days from resignation as trustee."

[2] Informal Proceeding No. 2019-002-I.

[3] The August 31, 2020 Judgment states in pertinent part:

district court has no legal authority to direct the Board's administrative hearing or manage the Board's docket when the Board has not yet rendered a final, appealable decision. Respondents, Westlawn and the Trustees, argue that the March 13, 2020 judgment was a non-appealable consent judgment issued after the parties reached a compromise, and the parties should proceed with the limited administrative hearing before the Board.

In essence, LCB argues that Westlawn (and the Trustees) cannot proceed with the declaratory judgment action because they have not exhausted their administrative remedies, and the district court should not be limiting or managing administrative proceedings.

### Subject Matter Jurisdiction

A court of appeal has a *sua sponte* duty to examine subject matter jurisdiction even when the parties do not raise the issue. *State v. Boyd*, 12-722 (La. App. 5 Cir. 5/16/13); 119 So.3d 105, 107. Lack of subject matter jurisdiction is a question of law and is reviewed on a *de novo* basis. *Ryan Gootee Gen. Contractors, LLC v. Plaquemines Par. Sch. Bd. & One Const., Inc.,* 15-325 (La. App. 5 Cir. 11/19/15); 180 So.3d 588, 595. Subject matter jurisdiction cannot be waived or conferred by the consent of the parties. *Id.* The issue of subject matter jurisdiction may be raised at any time or at any stage of the proceedings. *Duhe v. St. John the Baptist Par. Sheriff's Dep't*, 17-599 (La. App. 5 Cir. 4/11/18); 245 So.3d 1244, 1246, *writ denied*, 18-764 (La. 9/21/18); 252 So.3d 898.

In actions involving an administrative board, district courts ordinarily act as a court of review rather than a court of original jurisdiction. "The redactors of the 1974 Louisiana Constitution made specific provisions in Article V, § 16(B) for district court appellate jurisdiction to be 'as provided by law.'" *Matter of American Waste & Pollution Control Co.*, 588 So.2d 367, 370 (La. 1991). "[F]or the purpose of judicial review of administrative action, the district courts are courts of limited jurisdiction, having only such appellate jurisdiction to review administrative actions as is provided by law or constitutionally required." *Id.* at 371 (citing *Loop, Inc. v. Collector of Revenue*, 523 So.2d 201 (La. 1987)).

The Louisiana Cemetery Board is granted authority to establish "rules and regulations for the administration and enforcement of [Louisiana Revised Statutes Title 8 - Cemeteries] … but such rules and regulations shall not be in conflict with

---

IT IS ORDERED that the Motion to Require Limited Administrative Hearing in Accordance with Consent Judgment is GRANTED, and that the Louisiana Cemetery Board is ordered to conduct a limited administrative hearing in accordance with the Judgment of this Court rendered on February 21, 2020, wherein the issues considered shall be limited solely to the annual reports filed by the Trustees and Westlawn Cemeteries, L.L.C. and the payments or disbursements remitted by the Trust to Westlawn Cemeteries, L.L.C. for 2017 and 2018 with respect to L.A.C. 46:XIII.1503(C) and/or L.A.C. 46:XIII.1505;

IT IS FURTHER ORDERED that the administrative hearing shall remain open at the conclusion of the limited administrative hearing as to all other issues and years identified in the Order to Show Cause and Notice of Hearing #2020-001 dated July 16, 2020, reserving to the parties all of their respective rights related to such other issues and other years, including but not limited to the right to conduct future administrative hearings and right to present additional evidence to the Louisiana Cemetery Board relating to the remaining issues and years;

3

or contrary to any of the provisions" of Title 8 or to Louisiana's Administrative Procedure Act. In disputes over the application or enforcement of agency rules, original jurisdiction exists with the agency, and a party ordinarily must exhaust his administrative remedies—generally at a hearing conducted in accordance with the Administrative Procedure Act, La. R.S. 49:951 *et seq.*—before the district court may exercise its appellate jurisdiction to review the agency decision. *See Daily Advertiser v. Trans-La, a Div. of Atmos Energy Corp.*, 612 So.2d 7, 27 (La. 1993). An exception to this general rule establishes that a district court retains original jurisdiction to address a constitutional challenge to an agency or administrative rule, because the agency is not authorized to determine the constitutionality of its own regulations. *Louisiana Chem. Ass'n v. Dep't of Envtl. Quality*, 577 So.2d 230, 233 (La. App. 1 Cir. 1991).

The Administrative Procedures Act, La. R.S. § 49:963 provides:

> A. (1) The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located. (2) The agency shall be made a party to the action. [. . . ]
>
> C. The court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with required rulemaking procedures.
>
> D. An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury.

Pursuant to La. R.S. 49:963 (C), if the district court finds the rule (1) violates constitutional provisions, (2) exceeds the statutory authority of the agency, or (3) was adopted without substantially complying with required rulemaking procedures, then the court shall declare the rule "invalid or inapplicable." But, "an administrative agency lacks jurisdiction to rule on the constitutionality of its own rules." *Mid-City Auto., L.L.C. v. Dep't of Pub. Safety & Corr.*, 18-56 (La. App. 1 Cir. 11/7/18); 267 So.3d 165, 173, *citing Louisiana Chem. Ass'n v. Dep't of Envtl. Quality*, 577 So.2d 230, 233 (La. App. 1 Cir. 1991). Therefore, agency review is not a prerequisite to filing a declaratory judgment action in district court when the plaintiff's allegations challenge the constitutionality of the rule in question. *Louisiana Chem. Ass'n*, 577 So.2d at 233 (*citing Save Ourselves, Inc. v. Louisiana Envtl. Control Comm'n*, 452 So.2d 1152 (La. 1984)). However,

> If the constitutionality of the rule as applied is the issue this will, in most instances, arise from an adjudication and the record of that adjudicatory hearing will furnish the reviewing court with a sufficient record to make a determination of constitutionality. In those limited

4

instances where the district court needs additional evidence there is no reason why the matter could not be remanded to the agency to specifically supplement the record by receiving the needed evidence without making any findings with reference to that evidence."

*Mid-City Auto., L.L.C.*, 267 So.3d at 174.

In their petition for Declaratory Judgment, Westlawn prays for the following judgments:

(1) Declar[ation] that LAC Title 46, Pt. XIII Sec.1503(C) exceeds the authority of the Louisiana Cemetery Board, and that the 120-day period and conversion of income to corpus provision set forth in Section 1503(C) is invalid and unconstitutional.

(2) Declar[ation] that the reporting deadlines set forth in LAC Title 46, Pt. XIII Sec.1505 exceeds the authority of the Louisiana Cemetery Board and is therefore invalid and unconstitutional or is otherwise void for vagueness.

Westlawn's allegations that LCB acted in excess of its statutorily granted authority are subject to the requirements of La. R.S. 49:963(D), and the district court has no subject-matter jurisdiction to determine whether the rules in question exceed LCB's statutory authority until Westlawn first asks LCB to determine the validity or applicability of the rules in question, and then only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable harm or injury. On the other hand, the district court retains original jurisdiction to determine whether the rules in question are constitutionally valid on their face. *See Mid-City,* 267 So.3d at 175 (finding that because the challenger asserted that the Schedule of Fines is unconstitutional on its face, an administrative record is unnecessary to review the issue).

Here, in attempting to limit the scope of administrative review, the district court seems to indicate that some official agency action is required before it can determine constitutionality. We agree that allegations regarding the constitutionality of a statute *as applied* necessitate an administrative adjudication, and the resulting record will facilitate the district court's determination of that matter. *See Mid-City*, 267 So.3d at 174.

Although the district court holds subject matter jurisdiction to address the constitutionality of administrative rules and to issue a declaratory judgment, we find that the district court erred in limiting the scope of the administrative hearing in its March and July 2020 orders. The district court is not authorized to direct the board's activities or to limit the scope of an administrative hearing; these matters must be determined between and among the parties and the administrative authority.

We therefore remand this matter to the district court with instructions to do the following:

5

(1) Grant the parties leave to submit additional memoranda regarding the constitutionality to the rules in question as "facial" versus "as applied" challenges.

(2) If the district court determines Westlawn has enunciated a constitutional challenge on the face of the relevant rule(s), determine constitutionality within 30 days of the date of this disposition and issue a declaratory judgment accordingly.

(3) If Respondents' constitutional challenge necessitates the making of an administrative record, determine whether Westlawn has satisfied the prerequisites enumerated in La. R.S. 49:963(D) for the district court to further consider the matter.

(4) Refrain from issuing any order limiting the scope or scheduling of any administrative proceeding if it is necessary to remand the matter for development of the agency record to further address any constitutional challenge.

### *LCB's Exception of Vagueness, Prematurity, and No Cause of Action*

The district court never ruled on Westlawn's exception of prematurity and exceptions of no cause of action in response to the Trustees' petition in intervention. Thus, this Court need not consider whether those exceptions should have been granted. "As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal." *Johnson v. Montoya*, 13-1951 (La. App. 1 Cir. 5/2/14), 145 So.3d 418, 422. Furthermore, we find no error in the district court's ruling denying LCB's exception of vagueness and ambiguity.

La. C.C.P. art. 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." One purpose of this requirement "is to place the defender on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action." *Bustamente v. Vezina*, 95-556 (La. App. 5 Cir. 01/30/96), 668 So.2d 1286. "A plaintiff's petition can survive an exception of vagueness if it "fairly informs the defendant of the general nature of the cause of action and alleges facts sufficient to allow the defendant to prepare a defense." *Succession of Gendron*, 17-216 (La. App. 5 Cir. 12/27/17), 236 So.3d 802, 806 (citing *Springer v. Nannie O'Neal Apts.*, 13-570 (La. App. 3 Cir. 11/13/2013), 125 So.3d 606). An appellate court reviews a judgment on an exception of vagueness under the manifest error standard of review because the district court's judgment is based on a factual determination. *Id*.

We find no manifest error in the district court's decision to deny LCB's exception of vagueness regarding the Trustees' petition of intervention, which plainly states the basis for the intervention. More importantly, because the district court at this time has jurisdiction to consider only constitutional issues, and LCB's objections appear unrelated to Westlawn's constitutional challenge, we pretermit any additional discussion of those issues.

### *Decree*

The consolidated writ applications are granted in part and denied in part. The March 13, 2020 and July 24, 2020 judgments are hereby vacated. The portions of

the August 31, 2020 judgment limiting the scope of the administrative hearing are also vacated. Westlawn's Motion to Dismiss the writ application filed in 20-C-250 is denied. The trial court is ordered to proceed in a manner consistent with this ruling. Lastly, LCB's motions to expedite writ applications are denied.

Gretna, Louisiana, this 11th day of January, 2021.

**MEJ**
**SMC**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/11/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 20-C-250
### C/W 20-C-281 & 20-C-337

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Stephen C. Grefer (DISTRICT JUDGE)
Daniel A. Ranson (Respondent)          Ryan M. Seidemann (Relator)
Machelle RL Hall (Relator)             Ryan C. Higgins (Respondent)
                                       Jerry W. Sullivan (Relator)

### MAILED

Honorable Jeffrey M. Landry (Relator)
Attorney General
Louisiana Department of Justice
1885 North 3rd Street
6th Floor, Livingston Building
Baton Rouge, LA 70802