| | |
|---|---|
| CHRIS CUCCIA COMPLETE CONSTRUCTION LLC | NO. 22-C-595 |
| | FIFTH CIRCUIT |
| VERSUS | COURT OF APPEAL |
| ASHLEY CONSTANCE CAREY | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 24, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** ASHLEY CONSTANCE CAREY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 830-193

Panel composed of Judges Fredericka Homberg Wicker, Marc E. Johnson, and John J. Molaison, Jr.

**WRIT GRANTED, IN PART; WRIT DENIED, IN PART; REMANDED**

Relator, Ashley Carey, seeks review of the trial court's November 29, 2022 judgment that overruled her peremptory exception of no cause of action and dilatory exception of vagueness of the petition in favor of Plaintiff, Chris Cuccia Complete Construction, LLC.[1]  For the following reasons, we grant the writ, in part, deny the writ, in part, and remand the matter with instructions.

No Cause of Action/No Right of Action

In her exception of no cause of action, Ms. Carey argued that Plaintiff has no cause of action against her because she never had a contract with that company; rather, she had a contract with C's Complete Construction Contractor.  In opposition, Plaintiff contended that Chris Cuccia Complete Construction, LLC is an entity filed with the Louisiana Secretary of State and holds a contractor's license, and C's

---

[1] Ms. Carey also listed the overruling of her exception of *res judicata* as an assignment of error.  However, Ms. Carey does not brief any argument regarding the exception of *res judicata* and "submits to this Honorable Court that the Trial Court erred in denying Defendant Ashley Carey's Exceptions of No Right of Action and Vagueness." Assignments of error that are not argued in the body of the brief are considered abandoned.  *Parish of St. Charles through Dept. of Planning & Zoning v. Carey*, 20-457, p. 4 (La. App. 5 Cir. 10/6/21), --- So.3d ----, 2021WL4592125 n. 4, *citing*, Uniform Rules---Courts of Appeal, Rule 2-12.4.  Thus, the overruling of the exception of *res judicata* is deemed abandoned and will not be addressed in this disposition.

22-C-595

Complete Construction Contractor is simply a condensed name. It averred that Chris Cuccia's name and signature appears on all paperwork.

In the petition, Plaintiff alleged that it is a limited liability company doing business in the state of Louisiana, and Chris Cuccia is its agent. It alleged that the causes of action stem from an agreement to contract for home and home office improvement services between it and Ms. Carey to be performed at Ms. Carey's home and home office. It further alleged Ms. Carey failed to pay the remaining balance owed to Plaintiff for the completion of the project (breach of contract claim); Ms. Carey has a debt on an open account amounting to $31,106 (open accounts claim); Ms. Carey falsely and intentionally represented that she would provide the funds necessary for the labor and expenses associated with the completion of the project (fraud claim); and Ms. Carey has been unjustly enriched and refused to adequately compensate Plaintiff for the benefit (unjust enrichment claim). Plaintiff attached a contractor agreement and invoices with the logo for C's Complete Construction Contractor to its petition. The agreement stated that it was between Chris M. Cuccia and Ms. Carey for the building of fire protection walls, and all materials and labor were included in the $5,000 contract price.

Because the peremptory exception of no cause of action raises a question of law and the trial court's decision is based only on the sufficiency of the petition, an appellate court reviews the judgment sustaining or overruling a peremptory exception of no cause of action *de novo*. *Succession of Gendron*, 17-216 (La. App. 5 Cir. 12/27/17), 236 So.3d 802, 807. An exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. *Id.* On an exception of no cause of action, no evidence may be introduced and the well-pleaded facts in the petition must be accepted as true. *Id.* Any doubt should be resolved in favor of finding that the petition states a valid cause of action. *Id.*

After *de novo* review, we find that Plaintiff has stated valid causes of action in its petition. The law affords remedies for those causes of action (breach of contract, open accounts, fraud, and unjust enrichment) to anyone under the factual allegations of Plaintiff's petition. However, we find that Plaintiff's petition has failed to sufficiently allege that it has the right to bring those actions.[2]

The peremptory exception of no right of action functions as a test of whether the plaintiff has a real and actual interest in the action. *Wallace C. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews *de novo*. *Id.* In examining an exception of no right of action, a court focuses on whether a plaintiff belongs to a particular class of persons to whom the law grants the cause of action asserted in the suit, and the court assumes that the petition states a valid cause of action. *Id.*

Here, the contract agreement presented has the logo of C's Complete Construction Contractor and states that the contract is between Chris M. Cuccia and Ms. Carey. However, the Plaintiff's petition does not assert any relation of the company to C's Complete Construction Contractor or Mr. Cuccia's agency to enter into an agreement on behalf of C's Complete Construction Contractor. Thus, we

---

[2] An appellate court may raise and consider the peremptory exceptions of no right of action and no cause of action *sua sponte*. *Warren v. HDI Global Insurance Company*, 21-570 (La. App. 5 Cir. 5/16/22), 341 So.3d 1249, 1253 n. 1, *writ denied*, (La. 11/1/22), 349 So.3d 10.

find that Plaintiff's petition does not sufficiently allege its right to bring any of the alleged causes of action. Therefore, we remand the matter to the trial court with instructions that it afford Plaintiff an opportunity to remove the grounds for the objection of no right of action, if they are able to do so, within a reasonable time delay, pursuant to La. C.C.P. art. 934.

<u>Vagueness</u>

In her exception of vagueness, Ms. Carey argued that paragraphs 12 and 13 of Plaintiff's petition, which respectively allege fraud and unjust enrichment, were so vague that she was unable to respond to them. Plaintiff countered by arguing that the circumstances surrounding the alleged fraud, namely Ms. Carey's representations and insinuations that she would pay Plaintiff for the work to be performed, were specifically alleged in its petition.

In its petition, Plaintiff alleged that Ms. Carey entered into a contract for home and home office improvements with it to remedy code violations for her home office. The petition alleged communications between Plaintiff and Ms. Carey regarding revisions to the contract and costs. It further alleged that Plaintiff performed labor under the terms of the contract, and Defendant accepted the project and retained the benefits of the labor. Paragraphs 12 and 13 of Plaintiff's petition state the following:

**12.**
**III. FRAUD**
**(Pursuant to LA Civ Code 1953)**
Plaintiff re-alleges and re-incorporates all statements of fact and law set forth in preceding paragraphs as if fully stated herein. Defendant committed fraud, by and through her various acts and omissions, as described in more detail both in above and subsequent paragraphs. After Plaintiff began the requested services, Defendant falsely and intentionally represented to Plaintiff that she would provide funds necessary for the labor and expenses associated with the completion of the Project. Defendant knew at the time of conveying these representations that they were false or made them recklessly without knowledge that the representations were true.

Defendant made this misrepresentation in order to gain an unjust advantage or to cause damage or inconvenience to Plaintiff. This misrepresentation was relied upon by Plaintiff and substantially influenced Plaintiff's consent in entering the aforementioned agreement. Plaintiff has suffered damages as a result of such fraud.

**13.**
**IV. UNJUST ENRICHMENT/QUANTUM MERUIT**
**(in the alternative if the Court finds that no other remedies are available to Plaintiff)**
Plaintiff re-alleges and re-incorporates all statements of fact and law set forth in preceding paragraphs as if fully stated herein, Louisiana law is clear. A person should not be able to unjustly enrich herself at the expense of another. By completing the Project for Defendant, Plaintiff conferred a benefit upon Defendant. Defendant has acknowledged and appreciated the benefits conferred by Plaintiff. Defendant has refused to adequately compensate Plaintiff for

conferring such benefit upon her. Manifest injustice would result if Defendant were allowed to retain such benefit without justly compensating Plaintiff. Such acts and omissions on the part of Defendant were the actual and proximate cause of harm to Plaintiff. As a result of such conduct, Plaintiff has suffered damages amounting to $31,106.00.

La. C.C.P. art 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." The purpose of an exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved, so as to enable him to identify the cause of action and prevent its future litigation after a judgment is obtained in the present suit. *Wood v. Wood*, 14-405 (La. App. 5 Cir. 11/25/14), 165 So.3d 181, 187. With an objection to vagueness, a defendant is not entitled to demand exactitude and detail of pleading beyond what is necessary to fulfill the stated purposes. *Id*. "A plaintiff's petition is sufficient as long as it fairly informs the defendant of the general nature of the cause of action and alleges facts sufficient to allow the defendant to prepare a defense." *Id*., *quoting*, *Springer v. Nannie O'Neal Apts.*, 13-570 (La. App. 3 Cir. 11/13/13), 125 So.3d 606, 608. Because the trial court's judgment on an exception of vagueness is based on a factual determination, the appellate court reviews the trial court's judgment under the manifest error standard of review. *Id*.

After reviewing all of the allegations pleaded in Plaintiff's petition, we find that Plaintiff's petition sufficiently pleads fraud[3] and unjust enrichment against Ms. Carey. The factual allegations set forth in the petition place Ms. Carey on notice of the nature of the facts for each of the causes of action that would allow her to prepare a defense. Therefore, we find that the trial court properly overruled Ms. Carey's exception of vagueness.

Disposition

Accordingly, for the foregoing reasons, we grant the writ application, in part, find *sua sponte* that Chris Cuccia Complete Construction, LLC has failed to sufficiently allege its right to bring any of the alleged causes of action stated in its petition, and remand the matter with the above-mentioned instructions. In all other respects, the writ application is denied.

Gretna, Louisiana, this 24th day of February, 2023.

**MEJ**
**JJM**

---

[3] In pleading fraud, the circumstances constituting fraud shall be alleged with particularity. La. C.C.P. art. 856.

CHRIS CUCCIA COMPLETE CONSTRUCTION LLC

VERSUS

ASHLEY CONSTANCE CAREY

NO. 22-C-595

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WICKER, J., DISSENTS, IN PART, WITH REASONS**

While I agree with the majority disposition raising *sua sponte* the exception of no right of action in this matter, I respectfully dissent, in, part, from the majority disposition insofar as it finds that plaintiff sufficiently stated a cause of action for fraud in its petition.

In its petition, plaintiff, Chris Cuccia Complete Construction, LLC, alleged generally that relator-defendant, Ashley Carey, "committed fraud, by and through her various acts and omissions… . Defendant falsely and intentionally represented to Plaintiff that she would provide the funds necessary for the labor and expenses associated with the completion of the Project." In its petition, plaintiff did not allege with specificity any date or circumstances during which relator allegedly made such representations.

"La. C.C.P. article 856 states that when pleading fraud, the circumstances constituting fraud shall be alleged with particularity." *Bottinelli Real Est., L.L.C. v. Johns Manville, Inc.*, 19-0619 (La. App. 4 Cir. 12/27/19), 288 So.3d 179, 185, quoting *831 Bartholomew Investments-A, L.L.C. v. Margulis*, 08-0559 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538. Conclusory allegations that a defendant's actions were "fraudulent" are "insufficient to set forth a cause of action under La. C.C. article 1953." *Id.* The court may disregard as mere conclusions a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to

constitute the alleged fraud." *Thrasher Const., Inc. v. Gibbs Residential, L.L.C.*, 15-0607 (La. App. 4 Cir. 6/29/16), 197 So.3d 283, 293, *writ denied sub nom. Thrasher Constr., Inc. v. Gibbs Residential, L.L.C.*, 16-1453 (La. 11/15/16), 209 So.3d 779. Where "[n]o specific people are named and no particular activities are identified" a plaintiff has "failed to allege fraud with sufficient particularity." *Hawkins v. Willow Inc.*, 12-0160 (La. App. 5 Cir. 10/16/12), 102 So.3d 900, 903.

Therefore, I respectfully dissent from the majority disposition insofar as it denies relator's writ application complaining of the trial court's overruling of defendant-relator's exception of no cause of action as to plaintiff's fraud claims.

**FHW**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY <u>02/24/2023</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-595**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)

M. Elizabeth Bowman (Relator)          Christy M. Howley (Relator)
                                       Jon S. McGill (Respondent)

**MAILED**